## THE STATE OF KANSAS v. MARTIN RUST.

NOLLE PROSEQUI, *When Not an Acquittal.* After a new trial is granted on the motion of the defendant in a criminal case, the attorney for the state, with the consent of the court, has the authority to enter a *nolle prosequi* without prejudice to any fresh prosecution. Thereafter the defendant may be put upon his trial and convicted upon a new information charging the identical offense set forth in the prior information.

### *Appeal from Reno District Court.*

AT the September Term, 1883, *Martin Rust* was found guilty of grand larceny, and sentenced to hard labor in the state penitentiary for the term of eighteen months. He appeals.

*Scheble & Vandeveer,* for appellant.

*W. A. Johnston,* attorney general, and *Edwin A. Austin,* for The State.

The opinion of the court was delivered by

HORTON, C. J.: On September 17, 1883, an information was filed against the defendant, Martin Rust, charging that

on the 7th day of August, 1883, he unlawfully, feloniously, wilfully and intentionally took, stole and carried away one sorrel gelding of the value of $65, the property of one S. Ricksecker. Upon this information he was convicted and sentenced to hard labor in the penitentiary of the state, for the term of eighteen months from September 24, 1883. From this conviction and sentence he appeals.

To the information, he pleaded in bar that, at the July term of the court for 1883, he was tried and convicted of the same identical offense, on another information charging the felonious taking, stealing and carrying away of one sorrel horse of the value of $75, one gray pony of the value of $60, and one brown filly, two years of age; that on August 23, 1883, he moved to set aside the verdict and for a new trial, which motion was granted, and the verdict was set aside; that on September 15, 1883, the court, over his objections, allowed the county attorney to *nol. pros.* the information and dismiss the case. To this plea the attorney for the state filed a general demurrer, which was sustained by the court. To this ruling the defendant excepted.

In *The State v. McCord,* 8 Kas. 232, this court in commenting upon § 274 of the criminal code, decided that a new trial granted on the motion of the defendant in a criminal case places the party accused in the same position as if no trial had been had. After the new trial had been granted to the defendant on August 23, the case was precisely in the condition it was at the time he was arraigned and pleaded thereto "Not guilty." In this condition the attorney for the state, with the consent of the court, had the authority to enter a *nolle prosequi* without prejudice to any fresh prosecution. After the first information had been discontinued and the second information filed, the defendant was rightfully put upon his trial upon the new information, and he cannot claim a discharge or acquittal because a jury had returned a verdict of guilty against him under the prior information, as that verdict was set aside at his instance, and a new trial granted at his request. (See *The State v. Ingram,* 16 Kas. 14;

*The State v. Redman,* 17 Iowa, 329; *Clark v. The State,* 23 Miss. 261; *Commonwealth v. Tuck,* 20 Pick. 356; 1 Bishop on Criminal Law, § 1014.)

The judgment of the district court must be affirmed.

All the Justices concurring.