## THE STATE OF KANSAS v. LOUIS HART.

1. NEW TRIAL; *Plea of Former Jeopardy.* Where a defendant in a criminal prosecution is convicted, and he moves for a new trial upon various grounds, among which are the following: "6. The information does not state sufficient facts to constitute an offense. 7. The information and the evidence do not show or prove any offense under the laws of Kansas;" and the court grants the new trial as prayed for in the defendant's motion; and the court also finds that the information "did not state facts sufficient to constitute the offense of which the defendant is found guilty," and orders that a new information be filed by the county attorney, which is done: *Held,* That the defendant, by moving for and obtaining such new trial, has waived his right to subsequently plead former jeopardy.

2. ———— *Position of Defendant.* In this state, when a new trial is granted on the motion of the defendant in a criminal prosecution, the granting of the same places the party accused in the same position as if no trial had been had.

3. NEW TRIAL; *Nolle Prosequi; New Information.* And after a new trial has been granted on the motion of the defendant in a criminal case, the attorney for the state, with the consent of the court, may enter a *nolle prosequi* without prejudice to a future prosecution, and thereafter the defendant may be put upon his trial and convicted upon a new information charging the identical offense set forth in the prior information.

4. ———— *Arrest of Judgment.* And the same result would follow if, instead of a motion for a new trial being made and granted and a *nolle prosequi* being entered, a motion in arrest of judgment were made by the defendant upon the ground that the information did not state a public offense, and the motion were granted.

5. RAPE; *Sufficient Information.* A criminal information under §§ 283 and 31 of the crimes and punishments act, charging the defendant with an attempt to carnally and unlawfully know a female child under the age of ten years, may be sufficient, although the word "rape" may not be used in the information; and *held,* that the information in the present case is sufficient, although the word "rape" is not used therein.

6. WORDS EQUIVALENT *to Words in Statute.* The exact words used in a criminal statute defining a public offense are never required to be used in a criminal information charging such offense, but any equivalent words, or any words clearly and intelligibly setting forth the offense, are all that are required.

7. RAPE—*Attempt—Valid Verdict.* In a criminal prosecution where the information sufficiently charges the defendant under §§ 283 and 31 of the crimes and punishments act, with attempting to commit the offense

of rape by attempting to carnally and unlawfully know a female child under the age of ten years, but does not use the word "rape" in charging the offense, and the jury finds that the defendant was "guilty of an attempt to commit a rape, as charged," *held,* that the verdict is sufficiently responsive to the information, and is valid.

### *Appeal from Cloud District Court.*

INFORMATION charging *Louis Hart* with an attempt to carnally and unlawfully know a female child under the age of ten years. The defendant was tried at the August Term, 1884, and found guilty as charged. The court overruled his motions for a new trial and in arrest of judgment, and sentenced him to be confined in the state penitentiary for one year. *Hart* appeals. The opinion contains a sufficient statement of the case.

*L. J. Crans,* for appellant.

*G. P. Smith,* attorney general, for The State; *Edwin A. Austin,* of counsel.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution upon an information charging the defendant with an attempt to carnally and unlawfully know a female child under the age of ten years. The prosecution was under §§ 283 and 31 of the crimes and punishments act. The defendant was convicted, and sentenced to the penitentiary for one year. He appeals to this court.

The principal points made by counsel for the defendant are as follows: *First,* the information does not charge any offense; *second,* the court below erred in overruling the defendant's plea of former jeopardy; *third,* the verdict of the jury does not respond to the charge made in the information.

We shall consider the second point first, and the other two afterward. We think the defendant's plea of former jeopardy was rightfully overruled. It appears from the record that the defendant had formerly been tried and convicted upon an information setting forth a criminal charge similar to the charge made in the present case. Now if the information in the for

mer case did not charge the same offense as, or an offense included in or including the present offense, or did not charge any offense at all, then of course the ruling of the court below was correct. But, for the purposes of this case, we shall assume that the information in the former case did charge precisely the same offense as was charged in the present case; and upon this assumption, was the ruling of the court below erroneous? We think not. The defendant was tried and convicted upon the former charge, and after his conviction he moved for a new trial, which was granted; and then a new information was filed, upon which the present conviction and sentence were had. The record of the proceedings upon the first information, after setting forth all the proceedings down to and including the verdict, then sets forth the following, among other things:

"On the second day of May, 1884, the said defendant, Louis Hart, filed his motion for a new trial, and to vacate and set aside the said verdict, which motion is in the words and figures following, to wit:

'IN THE DISTRICT COURT OF CLOUD COUNTY, KANSAS.—*The State of Kansas, Plaintiff, v. Louis Hart, Defendant.*—And now comes the defendant and moves for a new trial, for the reasons:

'1. The verdict is contrary to the evidence.

'2. The verdict is contrary to the law.

'3. Errors of law occurring during the trial, excepted to by the defendant at the time.

'4. Errors in accepting evidence.

'5. Errors in rejecting evidence.

'6. The information does not state sufficient facts to constitute an offense.

'7. The information and the evidence do not show or prove any offense under the laws of Kansas.     L. J. CRANS, *Attorney for Defendant.*'

"That thereupon and on consideration of the court the said motion of the said defendant for a new trial was by the court sustained, and said verdict was wholly set aside and a new trial granted, as prayed for in said motion. The journal entry of said judgment and proceedings being in the words and figures following, to wit."

The journal entry contains, among other things, the foregoing motion for a new trial, and then contains the following:

"And the court, having heard the motion and being fully advised in the premises, finds that the information filed herein did not state facts sufficient to constitute the offense of which the defendant is found guilty, allowed said motion.

"And it appearing to the court that a mistake had been made in charging the proper offense, and that there appears to be good cause to detain the defendant in custody, orders the county attorney to file an information against said defendant under § 283, chapter 31 of the General Statutes; to which ruling and decision of the court in sustaining said motion and granting a new trial, and ordering said new information to be filed, the state, by said J. W. Sheafor, county attorney, as aforesaid, duly excepted and still doth except. Which information was thereupon filed in obedience to said order."

It will be seen from the foregoing, that the defendant moved for a new trial upon various grounds, among which were the following:

"6. The information does not state sufficient facts to constitute an offense.

"7. The information and the evidence do not show or prove any offense under the laws of Kansas."

The court granted the new trial, as prayed for in the defendant's motion. The court also found that the information "did not state facts sufficient to constitute the offense of which the defendant is found guilty," and ordered that a new information be filed by the county attorney, which was done. By these proceedings, we think the defendant waived his right to subsequently plead former jeopardy. In this state, a criminal information may be amended in a matter of substance or in form. (Cr. Code, § 72.) And —

"When it appears, at any time before verdict or judgment, that a mistake has been made in charging the proper offense, the defendant shall not be discharged, if there appears good cause to detain him in custody; but the court must recognize or commit him to answer to the offense, and, if necessary, recognize the witnesses to appear and testify." (Cr. Code, § 230.)

Also, in this state, when a new trial is granted upon the motion of the defendant in a criminal case, the granting of the same places the party accused in the same position as if no trial had been had. (Cr. Code, § 274; *The State v. McCord*, 8 Kas. 232.) And after a new trial has been granted on the motion of the defendant in a criminal case, the attorney for

the state, with the consent of the court, may enter a *nolle prosequi*, without prejudice to a future prosecution; and thereafter the defendant may be put upon his trial and convicted upon a new information charging the identical offense set forth in the prior information. (*The State v. Rust*, 31 Kas. 509.) And the same result would follow if, instead of a motion for a new trial being made and granted and a *nolle prosequi* being entered, a motion in arrest of judgment were made by the defendant upon the ground that the information did not state a public offense, and the motion were granted. (Cr. Code, §§ 277, 279.) Upon the defendant's motion for a new trial the court granted just what he asked, and of course he waived all right to object to the legal consequences necessarily resulting from such grant. He waived his right to plead former jeopardy, or to object to being again tried for the same offense. We think the decision of the court below upon the defendant's plea of former jeopardy was correct; and the question presented by such plea and by the facts admitted and proved, was a question purely of law; and the court had a right to decide it itself, and to instruct the jury how to find upon it, and was not bound to leave the question to the jury.

We think the second information, the one of which the defendant now complains for insufficiency, states facts sufficient not only to constitute an offense, but to constitute the particular offense of which the defendant was found guilty. The facts were stated in considerable detail, and were amply sufficient to constitute an offense under §§ 283 and 31 of the crimes and punishments act. The only ground upon which it is claimed that the information is not sufficient is that the word "rape" is not used therein. Now we do not think that it is essential that such a word should be used in the information in such a case; but all that is necessary is, that the information should state facts sufficient to show that an attempt was made to commit the offense of rape by an attempt to carnally and unlawfully know a female child under the age of ten years; and the information amply stated all these things. The exact words used in a criminal statute defining a public offense are never

required to be used in a criminal information charging such offense; but any equivalent words, or any words clearly and intelligibly setting forth the offense, are all that are required. (*The State v. White,* 14 Kas. 538.)   The verdict of the jury in the present case was, that the defendant was "guilty of an attempt to commit a rape, as charged."   We think the verdict was a fair response to the information, that there was no material variance between them, and that both were and are valid and amply sufficient.

The judgment of the court below will be affirmed.

HORTON, C. J., concurring.

JOHNSTON, J., not sitting.