No. 29,547.

THE STATE OF KANSAS, *Appellee*, v. ROBERT G. SNELL and ROY FREELAND, *Appellants*.

(291 Pac. 737.)

Opinion filed October 11, 1930.

*Oscar Raines, Ralph F. Glenn, Ivah Raines Glenn,* all of Topeka, and *D. H. Postlethwaite,* of St. Francis, for the appellants.

*William A. Smith,* attorney-general, *Walter T. Griffin,* assistant attorney-general, and *J. G. Logan,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Robert G. Snell and Roy Freeland, of Cheyenne county, were convicted of refusing and failing to pay a tax on motor-vehicle fuel, in violation of chapter 274 of the Laws of 1925. There were three counts in the information, and each of the defendants was found guilty upon the first and second counts and not guilty on the third. The penalties adjudged on the first count were that

each defendant be confined in the county jail of Shawnee county for a period of thirty days and each pay a fine of $200, and the penalties upon the second count were the same, with the provision that the imprisonment upon the second count should begin to run at the expiration of the term of imprisonment under the first count. The defendants appeal.

The first question presented related to the matter of venue. The defendants were residents of Cheyenne county, where they were engaged as dealers in gasoline and other motor-vehicle fuels and they were prosecuted in Shawnee county, where the state insisted that payments were to be made at the office of the state oil inspector. It is conceded that defendants were not doing business in Shawnee county, where they were tried and convicted. Defendants insist that as "offenses committed against the laws of this state shall be punished in the county in which the offense is committed except as may be otherwise provided by law" (R. S. 62-401), the venue was in Cheyenne county where the defendants were engaged in business. The defendants, as stated, were prosecuted for a violation of chapter 274 of the Laws of 1925, which imposes a tax on the sale or use of motor-vehicle fuels, provides for the payment, collection and disposition of the revenue derived from the tax and imposes penalties for violations of the act. Section 4 of the act requires that sworn reports of the motor-vehicle fuel received by dealers, from any source, shall be made to the state oil inspector at stated times. In section 5 it is provided that at the time of making the required reports the dealers shall pay the tax due to the state oil inspector. The statute does not expressly provide the place of payment, but does require it to be made to the state oil inspector, and it is a reasonable inference that it must be paid at the office maintained by the state oil inspector. There he keeps his accounts with dealers, and there reports by dealers are filed and preserved for future reference. The state oil inspector is a state office created by law, and we must take notice of the existence of his office, and the place where he transacts business with the public. It is a matter of general and common knowledge that the office is at the capitol of the state in Shawnee county, the headquarters of other state officers. Upon making collections, the state oil inspector is required to make daily transfers of the tax collected to the state treasurer, whose office is in the statehouse near that of the inspector.

A somewhat similar question arose in Kentucky, where a statute required certain corporations to make and deliver statements or reports to the auditor of public accounts, but did not expressly provide where the reports were to be made and delivered. The statute provided a penalty for the refusal or failure to make the statements. A corporation was charged with the failure to comply with the statutory requirement and a question of venue arose there as here. The court, recognizing that the venue was where the cause arose. or the omission of duty occurred, said:

"The proceeding is based upon the allegation that the defendant has failed and refused to make a certain report to the auditor. The auditor's office is in Frankfort. It is contemplated by the statute that the report shall be made to the auditor at his office. The offense was committed when the defendant failed to report to the auditor, and the cause of action then arose. It is not material where the defendant signed the report or where it was sworn to. The offense was committed when the report was not filed with the auditor, at his office in Frankfort, and therefore the cause of action arose in Franklin county. . . . The act here which entitled the commonwealth to demand the penalty was the omission to file the report with the auditor. This omission having occurred in Franklin county, the cause of action arose there and the proceeding could only be instituted in that county." (*Commonwealth v. Morrell Ref. Car Co.*, 129 Ky. 738, 742, 743.)

See, also, *State v. Wellman*, 102 Kan. 503, 509, 170 Pac. 1052; *State v. Brewster*, 87 N. J. L. 75; 89 N. J. L. 658.

Our view is that payment of the tax was to be made to the state oil inspector at his office at the statehouse in Topeka, Shawnee county. The omission to comply with the statutory requirement occurred in Shawnee county and the prosecution was rightly brought in that county.

Another point is raised to the effect that the information did not state an offense in that payments of tax are to be made at the time the sworn statements are made that the motor-vehicle fuel is received by the dealer, and that the information did not charge that the reports had been made at the times of the alleged failures of the dealers to pay the tax. In other words, that defendants had not committed the offense of nonpayment until after the sworn reports had been made. The statute (sec. 4) does require that the sworn statements of the fuel received for the preceding month shall be made on or before the 25th of each succeeding month, and in section 5 it is provided that the dealer shall pay the tax at the time fixed for the making of the reports. The prosecutions here are not

for the failure to make the reports, but for the failure to pay the tax, and section 12 of the act provides that for the failure of a dealer to pay the tax or who makes false statements he shall be deemed guilty of a misdemeanor. For either the omission or commission mentioned a penalty is provided, and in this case we are not concerned whether the failure to make a report is of itself a violation of the act and punishable. It was charged and shown that the defendants had failed to pay for certain months named, and therefore they were subject to the penalty prescribed by the legislature. The object of the act, section 10, is to create a fund for the construction and maintenance of roads. The state oil inspector is to collect the tax and pay the money received daily to the state treasurer, who is to pay out the funds collected for the stated purpose on the first of each month. The purpose is to make the fund available as soon as possible for road building, and prompt payment is necessary to accomplish that purpose. A dealer cannot make himself immune from punishment for failure to pay the tax by withholding the sworn report.

There is complaint of the exclusion of testimony as to an arrangement between the defendants and another firm in reference to the payment of their indebtedness. The defendants could not avoid their liability to the state for nonpayment of the tax due by a private arrangement with its successors in business or others to assume their statutory obligation to the state, and the exclusion of the proposed testimony was not error.

Objections were made to rulings of the court on the refusal of requested instructions and the giving of others, but what has been already said as to the duties and obligations of dealers in motor-vehicle fuel is sufficient answer to these objections. Payments of the fuel taxes were not made by the defendants within the times prescribed by the statute, and these failures constituted violations of law which rendered them subject to penalties imposed by the act.

Finding no error in the record, the judgments are affirmed.

HARVEY and JOCHEMS, JJ., dissenting.