No. 31,165

THE STATE OF KANSAS, *Appellee,* v. HERMAN ZIER, *Appellant.*

(25 P. 2d 583.)

Opinion filed October 7, 1933.

*R. L. Hamilton* and *Max L. Hamilton,* both of Beloit, for the appellant.

*Roland Boynton,* attorney-general, *Everett E. Steerman,* assistant attorney-general, *W. W. Urban* and *John J. McCurdy,* both of Lincoln, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Herman Zier was charged in two counts with violations of the prohibitory liquor law. One count charged him with unlawfully having intoxicating liquor in his possession on November 11, 1931, and the other with the unlawful sale of the intoxicating liquors on the date mentioned. At a trial with a jury he was found guilty on both charges, and the judgment of the court was that he pay a fine of $100 and costs and serve ninety days in jail on the first count; and $100 fine and costs and adjudged to serve ninety days in jail on the second count, the sentences of imprisonment to run concurrently. He appeals, and assigns as error rulings upon motion to quash the information and dismiss the prosecution, rulings on the admission and exclusion of evidence, the refusal of requested instructions and the overruling of the motion for a new trial.

The first complaint of defendant is the refusal of the trial court to quash the charges made and to dismiss the prosecution, based, as he alleges, upon a complaint previously filed before a justice of the peace charging the same offenses having been dismissed on the motion of the county attorney. It appears that after a raid on the Zier home and the finding of liquor there, and the sale of the liquor, as witnesses for the state testified, a complaint was filed before a justice of the peace charging Zier with the unlawful possession and also of the sale of intoxicating liquors. This complaint pended for a few days, and during that time defendant was released on the giving of a bond. Within a few days, and before the trial or any other steps were taken, the county attorney asked to have the case before the justice of the peace dismissed, which was granted, and immediately the county attorney filed an information in the district court charging the possession and sale of intoxicating liquors by the defendant on November 11, 1931, substantially the same charge as was set forth in the original complaint.

The dismissal of the prosecution occurred before defendant had entered any plea to the charge, and it is obvious that it was not a bar to the filing of the information or the subsequent trial thereon. The matter was within the control of the county attorney. He may have thought it best to try the case, a misdemeanor case, in the district court and thus avoid two trials. A trial and conviction before a

justice of the peace would have been open to an appeal to the district court, and a retrial there. To meet this contingency, and thus avoid a retrial, may have been the reason for the action of the county attorney. Whatever his reason, the procedure was within his discretion and power, even as against the wishes of the complaining witness. (*Foley v. Ham,* 102 Kan. 66, 169 Pac. 183. See, also, *State v. Finch,* 128 Kan. 665, 280 Pac. 910.) If the prosecution had proceeded to the stage where the defendant had been legally charged with a public offense before a court of competent jurisdiction, and the defendant had been arraigned and entered his plea and the trial had begun before a jury, and the case was then dismissed without the consent of the defendant, and without other sufficient reasons, it would ordinarily constitute a bar against a further prosecution.

Here there was no arraignment. The defendant had not entered his plea to the charge, nor had it been entered for him. No issue had been joined for a trial and no trial had been had. The defendant at that stage had not been put in jeopardy and the dismissal of the case and the institution of a prosecution in the district court did not constitute a bar to a subsequent prosecution for the offense charged before the justice of the peace. Some of the cases touching the stage of the case when jeopardy does or does not attach are the following: *State v. Ingham,* 16 Kan. 14; *State v. Child,* 44 Kan. 420, 24 Pac. 952; *State v. Reed,* 53 Kan. 767, 37 Pac. 174; *State v. Allen,* 59 Kan. 758, 54 Pac. 1060; *State v. Rook,* 61 Kan. 382, 59 Pac. 653; *State v. Curtis,* 108 Kan. 537, 196 Pac. 445; *State v. Brick Co. et al.,* 117 Kan. 192, 230 Pac. 1035; *State v. Stiff,* 117 Kan. 243, 234 Pac. 700; *State v. Hendren,* 127 Kan. 497, 274 Pac. 274. (See, also, 16 C. J. 236.) Within the rule of the authorities jeopardy had not attached, and the dismissal of the original charge was no ground for the dismissal of the charge set forth in the information filed in the district court.

It is further alleged that the evidence was insufficient to support the charge alleged in the information and was insufficient to sustain the findings of the jury, that defendant was guilty of the alleged offenses. There was testimony that the deputy sheriff, Davis, accompanied by one Walter, went to the door of the defendant's home and asked him to sell them whisky. Defendant asked them how much they wanted to buy, a pint or a quart. They inquired the price of the liquor and defendant told them it would be $1.50 a pint

or $3 a quart.  They informed him they would take a pint, whereupon the defendant went back into the house and brought out a pint bottle, which he delivered to Davis and Walter.  Walter opened the bottle and tasted the liquor and handed it to Davis, who said it was intoxicating liquor, and payment therefor was made.  A search of the home of defendant later was made and a bottle of liquor was found in a cupboard of the house.  Liquor was also found in a garage of the defendant.  These bottles, with the one purchased from defendant, were carefully marked and afterwards submitted to a chemist for analysis.  The chemist found that the liquor sold contained 44.75 per cent of grain alcohol, suitable for use as a beverage, while that found in the kitchen and garage of defendant was found to contain over 35 per cent of alcohol suitable to be used as a beverage. The testimony fully sustained the charges on every essential particular, and while some evidence of a contradictory nature was produced by the defendant, the conflicts have been settled by the jury. Such disputes are for the determination of the trier of the facts, with the solution of which a reviewing court may not interfere on appeal.  There was no error in overruling defendant's demurrer to the evidence of plaintiff.

Some objections are made to rulings on the admission and exclusion of testimony.  These have been examined and are found to be free from anything approaching material error, and are such as do not justify detailed discussion.

There is a further complaint that an instruction requested was not given.  The request was for an instruction that the county attorney's salary is fixed by law, and is $104.15 per month, and he had no authority under the law to employ another attorney to assist him, at the expense of the county.  It appears that the county attorney had requested and secured the assistance of another attorney for the trial of the case.  This is a common practice and not an improper one.  It is immaterial to the defendant whether one or more counsel conducted the prosecution, so long as the trial is fairly conducted under the guidance of the trial court and within the rules of proper procedure.  Whether the assisting counsel was paid by the county attorney or by the county for his services at the trial was a matter of no concern in the case, and in no event is it an excuse for the committing of an offense by the defendant.

No error is found in the record, and therefore the judgment is affirmed.