No. 44,372

PAT KENRECK, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(422 P. 2d 894)

Opinion filed January 21, 1967.

*Elmer W. Columbia,* of Parsons, argued the cause and was on the brief for the appellant.

*Rex Lawhorn,* County Attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The plaintiff, Patrick Kenreck, has appealed from a judgment overruling his motion to vacate two sentences imposed

against him on May 27, 1961. Several errors are assigned which will be dealt with in due course.

On March 15, 1954, Kenreck was tried and convicted in the District Court of Labette County, Kansas, on charges of second-degree burglary and larceny. He was represented at the trial by appointed counsel, Edward O'Hara, of Parsons, Kansas. After the conviction, a motion for new trial was filed and set for hearing on March 31, 1954. Before this date rolled around, Kenreck had taken French leave from the Labette County bastille, where he had been confined, and the hearing on his motion for new trial proceeded in his absence, although Mr. O'Hara was present to represent him.

From the abstract, it appears that shortly after his escape from jail, the plaintiff was convicted of a felony for which he was sentenced to and confined in the United States Penitentiary at Leavenworth, Kansas. Upon his discharge from the federal institution in May, 1961, Kenreck was returned to the Labette County District Court for sentence, where Mr. J. Logan Shuss, another member of the Labette County Bar was appointed to represent him.

On the 27th day of May 1961, the plaintiff, accompanied by his appointed counsel, appeared before the district court for sentencing. At this time, the state announced that it would invoke the provisions of the Habitual Criminal Act and proceeded to introduce evidence of three previous convictions, whereupon the court sentenced Kenreck to life imprisonment for burglary and fifteen years for larceny, the sentences to run concurrently.

The present motion was filed by Kenreck on April 21, 1965, pursuant to K. S. A. 60-1507. On June 21, 1965, the court overruled Kenreck's motion without appointing counsel for him, and without holding an evidentiary hearing. The present appeal followed. Mr. Elmer W. Columbia, a long-time member of the bar of this state was appointed to represent Kenreck and has capably presented the points raised by his client.

Plaintiff's initial complaint relates to proceedings had when he was first arraigned in the Labette County District Court on November 3, 1953. On this occasion, Kenreck appeared without counsel, advised the court he did not want an attorney and waived appointment of counsel in writing. The county attorney thereupon moved to dismiss the larceny charge and the plaintiff entered a plea of guilty to burglary in the second degree. The state then offered in evidence an F. B. I. report showing six prior felony convictions and

the court advised Kenreck that the least penalty which could be imposed against him under the Habitual Criminal Act would be fifteen years. At this point, Kenreck asked to withdraw his plea of guilty, and he was allowed to do so. At the same time, the court permitted the county attorney to withdraw his motion to dismiss the larceny count.

We see nothing in these proceedings which can be said to have prejudiced the plaintiff in any particular. Whatever imperfections may have inhered in these arraignment procedures have been rendered nugatory by the prompt withdrawal of Kenreck's guilty plea at his arraignment and pleas of not guilty at a subsequent time after counsel had been provided for him.

Mr. Kenreck suggests he was wrongully forced to testify against himself during the first arraignment on November 3. The basis for such a contention is this: After the F. B. I. report was offered by the state, the court inquired of plaintiff about the felonies shown therein and the plaintiff admitted them. The record does not show, and Kenreck does not contend, that his admissions were ever offered in evidence or used against him or that what transpired at the first arraignment was referred to in any way during the subsequent proceedings had in this case. No prejudice whatever is shown in this regard.

Counsel for the plaintiff would have us infer from the record that some sort of a "deal" was made between the county attorney and Kenreck prior to the first arraignment and that Kenreck should have been told before entering his plea of guilty that the state would seek to invoke the Habitual Criminal Act. Assuming that a "deal" had been entered into under which the state would move to dismiss the larceny count and Kenreck would plead guilty to the burglary charge, Kenreck, in all fairness, should have been told of the state's intention to ask for sentence under G. S. 1949, 21-107a. However, a failure in this regard can hardly be characterized as prejudicial where Kenreck was permitted to withdraw his guilty plea and was later afforded a jury trial after a plea of not guilty.

The plaintiff strongly urges that it was error for the trial court to overrule his motion for new trial in his absence. There is no merit in this claim. The defendant had escaped from jail and his absence from court was entirely voluntary. His absence under such conditions would not nullify the proceedings had on his own motion for a new trial, nor impair the validity of the trial court's action in

overruling his motion. (*State v. Way*, 76 Kan. 928, 93 Pac. 159; *State v. Bland*, 91 Kan. 160, 136 Pac. 947; *Cox v. Hand*, 185 Kan. 780, 347 P. 2d 265.) Under the circumstances of this case, the plaintiff is not entitled to be released or to have his sentence set aside by reason of Section 10 of our Bill of Rights or by virtue of the provisions of K. S. A. 62-1411 (*Jamison v. Hudspeth*, 168 Kan. 565, 213 P. 2d 972).

The plaintiff questions the sufficiency of the allocution and, further, complains he was not given notice that sentence would be sought under the Habitual Criminal Act. Neither contention is valid. The journal entry recites that Kenreck was notified in open court on May 27, 1961, after counsel had been appointed for him, that the state would ask for sentence pursuant to G. S. 1949, 21-107a (now K. S. A. 21-107a). But, more than that, Kenreck had known ever since his arraignment on November 3, 1953, that the state would ask that the Habitual Criminal Act be invoked, for that was the reason Kenreck asked and was given leave to withdraw his plea of guilty.

The journal entry also shows that Kenreck, after consulting with his counsel, was asked by the court if he had any legal cause to show why sentence should not be pronounced and, at that time, objected only to the jurisdiction of the court. His objection was then properly overruled. There is no factual basis for saying there was no allocution.

After scrutinizing this record, we find nothing that approximates prejudicial error. The action of the trial court on November 3, 1953, in permitting the state to withdraw its motion dismissing the larceny count, although it is not directly attacked by Kenreck, was not improper. The dismissal or *nolle prosequi* of a criminal charge entered prior to the arraignment and trial of an accused is not a bar to a subsequent prosecution for the same offense. (*State v. Ingram*, 16 Kan. 14; *State v. Rust*, 31 Kan. 509, 3 Pac. 428; *State v. Hart*, 33 Kan. 218, 6 Pac. 288; *State v. Child*, 44 Kan. 420, 24 Pac. 952; *State, ex rel., v. Court of Coffeyville*, 123 Kan. 774, 256 Pac. 804; *State v. Zier*, 138 Kan. 235, 25 P. 2d 583.)

Moreover, by pleading not guilty and proceeding to trial on the charge of larceny without objection, the plaintiff is in no position to question reinstatement of the larceny count. Jeopardy is not in issue (*State v. Zier*, supra), and Kenreck, by his plea, must be deemed to have waived pretrial irregularities. (*State v. Osburn*, 171

Kan. 330, 335, 232 P. 2d 451; *State v. Majors,* 182 Kan. 644, 646, 323 P. 2d 917.)

The defendant complains that he was not returned from the penitentiary to attend the hearing of his motion in this case. This point is not well taken. The plaintiff's motion raised no question of fact requiring the introduction of evidence. The legal points raised were determinable by the court from the files of the criminal case itself. We have frequently held that where, as here, the files and records conclusively show the prisoner is not entitled to relief in an action brought under K. S. A. 60-1507, there is no requirement for appointment of counsel or the production of the prisoner, but that the trial court may proceed to hear the matter in a summary fashion. (*State v. Burnett,* 194 Kan. 645, 400 P. 2d 971; *Blacksmith v. State,* 195 Kan. 523, 407 P. 2d 486; *McCall v. State,* 196 Kan. 411, 411 P. 2d 647.)

We believe this plaintiff is shown to have been ably represented by reputable counsel throughout his trial, at his motion for new trial, at the time of his sentence, and on this appeal. The law has been zealous in affording him his legal right to a fair trial and in seeing that his constitutional rights were protected. The judgment of the court below is affirmed.