468

No. 50,123

STATE OF KANSAS, *Appellant*, v. JOHN CUEZZE, DOROTHY HOUSTON, and PATRICK FALTICO, *Appellees.*

(595 P.2d 723)

Filed March 16, 1979.

(For original opinion see *State v. Cuezze, Houston & Faltico*, 225 Kan. 274, 589 P.2d 626 [1979].)

*Nick A. Tomasic,* district attorney, argued the cause and *Curt T. Schneider,* attorney general, and *Thomas L. Boeding,* assistant district attorney, were with him on the brief for appellant.

*James R. Wyrsch,* of Kansas City, Missouri, argued the cause and *Thomas E. Joyce,* of Kansas City, Kansas, was with him on the brief for appellee Dorothy Houston.

*John C. Humpage,* of Humpage, Berger and Hoffman, of Topeka, argued the cause and *John M. Redmon,* of the same firm, was with him on the brief for appellee John Cuezze.

*Terry Moore,* of Wichita, argued the cause and was on the brief for appellee Patrick Faltico.

The opinion of the court was delivered by

HOLMES, J.: Defendant-appellee Faltico filed a motion for rehearing alleging numerous errors and omissions in the original opinion. One matter warrants clarification. Faltico, along with his two codefendants, was charged in Count I with conspiracy based upon allegations that the conspiracy extended over a period of time from 1967 to 1977. As pointed out in our original opinion, the conspiracy statute did not come into being until July 1, 1970. Defendant attacked the conspiracy count in the trial court as being in violation of the ex post facto clause of the United States Constitution. The trial court, in ruling upon defendant's motions, stated:

"Defendant's motion to dismiss will, therefore, be sustained insofar as it alleges a conspiracy prior to July 1, 1970."

This somewhat confusing language was approved and adopted in our original opinion. Defendant Faltico argues that an allegation

of an offense cannot be partially dismissed and that the trial court in effect dismissed the conspiracy count. He now asks that our opinion be clarified to show whether Count I *was* or *was not* dismissed by the trial court.

We think it is clear from the trial court's memorandum, quoted in full on this point in the original opinion, that the conspiracy count was not dismissed. The unfortunate language adopted by this court merely meant that any conspiracy proved under Count I must have occurred subsequent to July 1, 1970, or if begun prior to that date, constituted a continuing conspiracy after July 1, 1970. We hold that Count I was not dismissed as to the defendant Faltico.

We have carefully reconsidered all points raised on appeal and in the motion for rehearing and, except as modified above, adhere to our original opinion.

The motion for rehearing is denied.