(192 P.3d 661)
No. 98,707

STATE OF KANSAS, *Appellee*, v. BARBARA L. JOHNSON, *Appellant*.

Opinion filed September 19, 2008.

*Matthew M. Dwyer* and *Carl F.A. Maughan*, of Maughan & Maughan LC, of Wichita, for appellant.

*Benjamin J. Fisher*, senior assistant district attorney, *Keith E. Schroeder*, district attorney, and *Stephen N. Six*, attorney general, for appellee.

Before MALONE, P.J., ELLIOTT and GREEN, JJ.

MALONE, J.: Barbara L. Johnson appeals the district court's denial of her motion to withdraw her guilty plea for the crime of aggravated intimidation of a witness or victim. Johnson claims: (1) the district court lacked jurisdiction to convict her of the crime, and (2) the district court abused its discretion by denying her motion to withdraw her plea. We affirm.

In August 2006, James Bloom was charged in the Reno County District Court with committing sex crimes against his daughter, C.B., d/o/b December 30, 1993. After C.B. told her mother, Jessica Bloom, about James' actions, Jessica took C.B. and her other children to Colorado to live with Johnson, Jessica's mother. While James' case was pending, Jessica and C.B. went on a vacation to Cancun, Mexico. Jessica was aware of the speedy trial statute requiring James to be brought to trial within 90 days of his arraignment.

On September 6, 2006, when Jessica and C.B. returned to Colorado, Jessica was arrested on a warrant for aiding a person charged with a felony. The State alleged that Jessica intentionally took C.B. to Mexico so that she would not be available to testify at James' trial. After Jessica was arrested, C.B., was placed in Johnson's custody with the understanding that Johnson would cooperate with the police in permitting C.B. to testify against James.

On September 7, 2006, Johnson took C.B. and the other children to New Mexico to stay with a relative. After Johnson and the children disappeared, there was a nationwide search to find C.B. Eventually, Johnson was located and arrested in Miami County, Kansas. Based on these facts, the State charged Johnson with aggravated intimidation of a witness or victim under the age of 18 years in violation of K.S.A. 21-3833(a)(4).

On November 9, 2006, Johnson pled guilty as charged. However, prior to sentencing, Johnson filed a motion to withdraw her plea. The motion claimed that the district court lacked jurisdiction to sentence Johnson and that she did not knowingly and voluntarily enter the plea. After conducting a hearing in which Johnson testified, the district court denied her motion to withdraw her plea. The district court sentenced Johnson to 18 months' imprisonment but placed her on probation for 24 months. Johnson timely appeals.

## Jurisdiction

Johnson challenges the district court's jurisdiction to convict and sentence her for the crime of aggravated intimidation of a witness or victim under the age of 18 years. She argues that her actions occurred outside of Kansas in either Colorado or New Mexico. She also argues that she had no duty to bring C.B. to Reno County to testify because neither C.B. nor Johnson was ever served with a subpoena.

Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 369, 130 P.3d 560 (2006). Furthermore, whether venue is proper is a question of law subject to an appellate court's unlimited review. *State v. McElroy*, 281 Kan. 256, 264, 130 P.3d 100 (2006).

Johnson was charged with aggravated intimidation of a witness or victim under the age of 18 years in violation of K.S.A. 21-3833(a)(4). According to K.S.A. 21-3832(a)(1), intimidation of a witness or victim is knowingly and maliciously preventing or dissuading, or attempting to prevent or dissuade, any witness or victim from attending or testifying at any civil or criminal trial. The State asserted that Johnson attempted to prevent C.B. from testifying at James' trial in Reno County, Kansas. The question is whether Johnson is subject to prosecution and punishment for this offense in Reno County when Johnson's conduct occurred outside the district. This is an issue of first impression in Kansas.

K.S.A. 21-3104 provides in part:

"(1) A person is subject to prosecution and punishment under the law of this state if:

(a) *He commits a crime wholly or partly within this state*; or

(b) Being outside the state, he counsels, aids, abets, or conspires with another to commit a crime within this state: or

(c) Being outside the state, he commits an act which constitutes an attempt to commit a crime within this state.

"(2) An offense is committed partly within this state if either an act which is a constituent and material element of the offense, *or the proximate result of such act*, occurs within the state. If the body of a homicide victim is found within the state, the death is presumed to have occurred within the state." (Emphasis added.)

K.S.A. 22-2602 states: "Except as otherwise provided by law, the prosecution shall be in the county where the crime was committed." Furthermore, K.S.A. 22-2612 states: "If a crime commenced outside this state is consummated within this state, or if a person outside this state commits or consummates a crime by an agent within this state, the prosecution shall be in the county where the crime was consummated."

Under K.S.A. 21-3104, a person is subject to prosecution and punishment in Kansas if the person commits a crime wholly or partly within this state. An offense is committed partly within this state if the proximate result of the act occurs within Kansas. Under K.S.A. 22-2612, venue is proper in the county where the crime was consummated. Contrary to Johnson's assertion, it was unnecessary for either Johnson or C.B. to be served with a subpoena in order to prosecute Johnson for aggravated intimidation of a witness or victim. To establish that Kansas had jurisdiction, the prosecutor only needed to show the crime was wholly or partly committed within this state. The crime was partly committed within this state if the proximate result of the act, *i.e.*, preventing C.B. from testifying, occurred within this state.

Here, Johnson attempted to prevent the witness, C.B., from attending or testifying at James' trial in Reno County. Thus, the proximate result of Johnson's unlawful act occurred in Reno County. Based on K.S.A. 21-3104, the Reno County District Court properly exercised its jurisdiction in convicting and sentencing Johnson. Furthermore, venue was proper in Reno County, where the crime was consummated.

### Motion to withdraw plea

Assuming the district court properly exercised jurisdiction, Johnson claims the district court erred by denying her motion to withdraw her plea. Johnson argues that her plea should have been withdrawn because there was an insufficient factual basis for the plea. She further argues that her plea was coerced and made under duress.

"A plea of guilty or *nolo contendere*, for good cause shown and within the discretion of the court, may be withdrawn at any time

before sentence is adjudged." K.S.A. 22-3210(d). On appeal, the defendant must establish that the district court abused its discretion in denying the motion to withdraw the plea. *State v. Edgar*, 281 Kan. 30, 38, 127 P.3d 986 (2006). In exercising its discretion under K.S.A. 22-3210(d), a district court should evaluate whether: "(1) the defendant was represented by competent counsel; (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) the plea was fairly and understandingly made." 281 Kan. at 36.

Johnson first argues that her plea should have been withdrawn because there was an insufficient factual basis for the plea. More specifically, Johnson argues there was no evidence of the requisite element of malice. The transcript of Johnson's plea hearing reflects the following exchange between Johnson and the district court concerning the factual basis for the plea:

"THE COURT: Finally, we need to find out whether or not you actually did this. The complaint alleges that you prevented or dissuaded or attempted to dissuade a witness or victim from appearing or giving testimony in the James Ryan Bloom case. Did you do that?

"[Johnson]: Yes, sir.

"THE COURT: What did you do to actually commit the crime of aggravated intimidation of a witness or victim.

"[Johnson]: I took her [C.B.] out of the state and intentionally did not let her testify.

"THE COURT: And you knew that was wrong when you did it; is that right?

"[Johnson]: Yes.

"THE COURT: Do you understand that would make you guilty of the crime whether or not you actually understood that was a crime at the time?

"[Johnson]: Yes.

. . . .

"THE COURT: And you knew what you were doing and you knew there was a trial scheduled to commence here in Reno County District Court?

"[Johnson]: Yes.

. . . .

"THE COURT: And you knew she was needed as a witness and you took her out of the state anyway?

"[Johnson]: Yes.

"THE COURT: So what is your plea to the charge of aggravated intimidation of a witness?

"[Johnson]: Guilty."

To be guilty of intimidation of a witness or victim, the defendant must knowingly and maliciously prevent or dissuade, or attempt to prevent or dissuade, a witness or victim from testifying. K.S.A. 21-3832(a)(1). According to PIK Crim. 3d 60.06-B, "maliciously" means that "the defendant acted with an intent to vex, annoy, harm or injure in any way another person, or with an intent to thwart or interfere in any manner with the orderly administration of justice." Here, Johnson's statements to the district court clearly established that her conduct was intended to interfere with the orderly administration of justice. Thus, we conclude there was a sufficient factual basis for the district court to accept Johnson's guilty plea.

Johnson next argues that her guilty plea was coerced and made under duress because she entered the plea under a threat by the assistant attorney general that he would add charges if Johnson did not plead guilty. She also argues that it would be "manifestly unjust to hold her accountable to her plea," since she only had moments to discuss the alternatives with her attorney.

However, the record in this case contradicts Johnson's claim that her plea was involuntary. The plea agreement signed by Johnson stated that she fully discussed the options with her attorney and that her decision to enter the guilty plea was "completely voluntary without anyone having threatened" her and "without duress and without coercion of any kind." As the district court noted, it is routine for a prosecutor to agree not to file additional charges in exchange for a defendant's guilty plea. Thus, Johnson's guilty plea was not coerced simply because she was facing the prospect of additional charges if she did not enter the plea. Furthermore, Johnson had the benefit of competent counsel to advise her during all proceedings. Based on the record, we conclude the district court did not abuse its discretion by denying Johnson's motion to withdraw her plea.

Affirmed.