No. 112,158

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHANNON DWIGANS,
*Appellant*.

SYLLABUS BY THE COURT

1.

Generally, constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review.

2.

The defendant must object at trial to the oath or affirmation given to the jury at a criminal trial in order to preserve for appeal any challenge to the form or administration of the oath or affirmation.

Appeal from Harvey District Court; JOE DICKINSON, judge. Opinion filed August 7, 2015. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Jason R. Lane*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., LEBEN, J., and HEBERT, S.J.

1

MALONE, C.J.: Shannon Dwigans appeals her conviction of possession of cocaine. Dwigans claims that the oath and affirmation by which the district court swore in the jury were unduly coercive in that they required the jury to return a verdict and did not allow for the possibility of a hung jury. She contends that this error denied her due process and violated her right to a fair trial before an impartial jury. But Dwigans did not object to the oath and affirmation at her jury trial, nor did she raise her constitutional claims in the district court. Because Dwigans failed to preserve this issue for appeal, we affirm the district court's judgment.

On October 26, 2005, a jury found Dwigans guilty of one count of possession of cocaine. The district court scheduled sentencing for January 17, 2006, but Dwigans failed to appear. Dwigans eventually was arrested and sentenced on May 22, 2014, to 18 months' imprisonment. Dwigans timely appealed the district court's judgment.

On appeal, Dwigans claims that the oath and affirmation by which the district court swore in the jury were improper. The record reflects that after the jury was selected, the following occurred:

"THE COURT: At this time those who prefer to be sworn . . . , if you will now stand and we'll have you sworn in.
"[CLERK OF THE DISTRICT COURT]: Just stand and raise your right hand, please.
"Do you and each of you solemnly swear that you will well and truly try the cause now in hearing and a true verdict render, according to the law and the evidence, so help you God?
"THE JURORS: I do.
"THE COURT: All right. Thank you. Be seated.
"Now to be affirmed, if you'll stand, please.
"[CLERK OF THE DISTRICT COURT]: Do you and each of you solemnly and sincerely affirm and declare that you will well and truly try the cause now in hearing and

2

a true verdict render according to the law and evidence, and this you do under the pains and penalties of perjury?

"THE JURORS: Yes."

Dwigan**s** now contends that the language of the oath and affirmation required the jury to return a unanimous verdict, violating her constitutional rights to due process and to a trial by impartial jury by removing the possibility of a hung jury. But Dwigans did not object to the oath and affirmation at her jury trial, nor did she raise her constitutional claims in the district court. Moreover, she makes no argument as to why we should consider this issue for the first time on appeal.

Generally, constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *State v. Bowen*, 299 Kan. 339, 354, 323 P.3d 853 (2014). Although there are exceptions to this general rule, Supreme Court Rule 6.02(a)(5) (2014 Kan. Ct. R. Annot. 40) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed and will be deemed waived or abandoned. See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015); *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). Here, Dwigans does not argue for the application of any exception to the general rule that constitutional claims may not be raised for the first time on appeal. Her failure to satisfy Rule 6.02(a)(5) in this respect amounts to an abandonment of the constitutional claims. See 298 Kan. at 1085.

In addition, as Dwigans acknowledges, our Supreme Court clearly stated in *State v. Baldwin*, 36 Kan. 1, 7-8, 12 P. 318 (1886), that a party must object to the oath in district court in order to preserve for appeal a challenge to that oath. In that case, a jury convicted the defendant of first-degree murder and, among other things, the defendant argued on appeal that the jury was not properly sworn. Specifically, the defendant

contended that the oath had "omitted the essential part of requiring that they should a true verdict give according to the law and the evidence." 36 Kan. at 6. In refusing to grant the defendant any relief on this claim, our Supreme Court stated:

> "A still more conclusive answer on this point is, that no objection was made to the form of the oath when it was administered, or at any other time prior to its presentation in this court. If there was any irregularity in this respect it should, and probably would, have been objected to at the time it occurred. . . . [I]f the form of the oath was defective the attention of the court should have been called to it at the time the oath was taken, so that it might have been corrected. A party cannot sit silently by and take the chances of acquittal, and subsequently, when convicted, make objections to an irregularity in the form of the oath." 36 Kan. at 7-8.

Dwigans tries to distinguish her case from *Baldwin* by noting that she is asserting a problem with the "language of the oath," rather than an irregularity in the "administration" of the oath. But her argument is unpersuasive because the defendant in *Baldwin* also asserted a problem with the language of the oath given by the court in that case. Under *Baldwin*, Dwigans' failure to object to the oath and affirmation in the district court leaves her unable to challenge them on appeal. This result makes sense. If Dwigans believed there was a problem with the oath and affirmation given by the court at her jury trial, she should have objected at the trial in order to allow the district court to address and correct any problem. Dwigans cannot remain silent at trial and, upon being convicted, make objections to an irregularity in the form of the oath. *Baldwin*, 36 Kan. at 8. Because Dwigans has failed to properly preserve the only issue she raises on appeal, we affirm the district court's judgment.

Affirmed.