NOT DESIGNATED FOR PUBLICATION

No. 112,346

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CLIFFORD A. PARKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed November 13, 2015. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Julia A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BRUNS, J., and ROBERT W. FAIRCHILD, District Judge, assigned.

*Per Curiam*:  Clifford A. Parker appeals his convictions for theft and felony fleeing or attempting to elude an officer. On appeal, he argues that the complaint was insufficient because it did not specifically allege that he was the driver of the vehicle that the police pursued. We do not find the complaint to be defective, however, because a common-sense reading of the charging document indicates that Parker was the driver of the vehicle fleeing or eluding the police. In addition, Parker argues that the oath taken by the jury was unduly coercive and deprived him of his right to due process and a fair trial

1

before an impartial jury. But he has failed to preserve this issue for appeal. Thus, we affirm his convictions.

## FACTS

At around 6 a.m. on December 27, 2013, Parker and another man broke into and stole a 1988 Oldsmobile Cutlass parked outside of an apartment building in Wichita. The two men were unaware that a resident of the apartment building who had just returned from work was watching from a nearby car and calling the police to report the theft. Shortly thereafter, two police officers who were patrolling the area heard the call and noticed a car that matched the description of the stolen Cutlass. The officers followed the car for a time and confirmed that it was indeed the Cutlass that the neighbor reported as stolen.

When the officers attempted to stop the vehicle by activating the police car's lights, the driver immediately accelerated and led them on a car chase during which the driver—who was later identified as Parker—committed at least 5 traffic infractions. Parker eventually stopped the vehicle on a dead-end street and ran from the vehicle. After a brief pursuit on foot, one of the officers was able to apprehend and arrest Parker.

On December 31, 2013, the State charged Parker with criminal damage to property, theft, and fleeing or attempting to elude an officer. On January 14, 2014, Parker waived his preliminary hearing and pled not guilty to the charges. The district court conducted a 2-day jury trial on April 28 and 29, 2014, during which four witnesses testified for the State. Parker exercised his right not to testify or to call any witnesses. Ultimately, the jury found Parker guilty of theft and fleeing or attempting to elude an officer but acquitted him of the criminal damage to property charge. On July 21, 2014, the district court sentenced Parker to serve a total of 14 months in prison.

2

On appeal, Parker raises two issues. First, he claims that the charging document filed by the State was defective. Second, Parker argues that the oath administered to the jury was unduly coercive. We consider each argument in turn.

*Sufficiency of the Complaint*

Parker first contends that the complaint filed by the State was fatally defective because the charge of fleeing or attempting to elude a police officer failed to allege that he was the driver of the vehicle. The Sixth Amendment to the United States Constitution provides an accused the right to "be informed of the nature and cause of the accusation," and Section 10 of the Kansas Constitution Bill of Rights requires that "the accused shall be allowed . . . to demand the nature and cause of the accusation against him." By statute, a charging document must "be a plain and concise written statement of the essential facts constituting the crime charged." K.S.A. 22-3201(b).

Because Parker is challenging the complaint for the first time on appeal, he must show that the alleged defect either: (1) prejudiced his defense preparation; (2) impaired his ability to plead the conviction in any subsequent prosecution; or (3) limited his substantial rights to a fair trial. *State v. Littlejohn*, 298 Kan. 632, 655, 316 P.3d 136 (2014). We review a charging document's language as a whole, liberally construing it in favor of validity, and we will uphold the charging document "unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant [was] convicted." *State v. McElroy*, 281 Kan. 256, Syl. ¶ 3, 130 P.3d 100 (2006). Whether a charging document is sufficient to confer subject matter jurisdiction is a question of law over which we exercise unlimited review. *State v. Huerta-Alvarez*, 291 Kan. 247, 254, 243 P.3d 326 (2010).

Initially, Parker asks this court to forego the post-*Hall* test in favor of the pre-*Hall* standard. See *State v. Hall*, 246 Kan. 728, 765, 793 P.2d 737 (1990), *overruled in part on other grounds by Ferguson v. State*, 276 Kan. 428, 444, 78 P.3d 40 (2003). He argues that the Kansas Supreme Court has recently indicated a willingness to revisit *Hall*, directing our attention to *State v. Portillo*, 294 Kan. 242, 255, 274 P.3d 640 (2012). Although *Portillo* was critical of the *Hall* standard, our Supreme Court has yet to overrule *Hall* or its progeny. See *State v. Tapia*, 295 Kan. 978, 999-1002, 287 P.3d 879 (2012) (Johnson, J. dissenting). As such, it remains good law, which we are bound to follow. See *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014).

Regardless of which standard we use, we do not find the complaint filed in this case to be defective. A person is guilty of felony fleeing or attempting to elude a police officer under K.S.A. 2013 Supp. 8-1568(b)(1)(E)—a severity level 9, person felony—if he or she commits the following acts:

> "Any driver of a motor vehicle who willfully fails or refuses to bring such driver's vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, and who . . . commits five or more moving violations."

There are five elements to this version of fleeing or attempting to elude a police officer:  (1) the defendant was driving a motor vehicle; (2) the defendant was given a visual or audible signal by a police officer to bring the motor vehicle to a stop; (3) the defendant willfully failed or refused to bring the motor vehicle to a stop for, or otherwise fled or attempted to elude, a pursuing police vehicle; (4) the police vehicle was appropriately marked as an official police vehicle; and (5) the defendant committed five or more moving violations. See PIK Crim. 4th 66.110 (2014 Supp.); *State v. Dominguez*, 299 Kan. 567, 576, 328 P.3d 1094 (2014).

4

In relevant part, the complaint alleged as follows:

"[O]n or about the 27th day of December, 2013, A.D., one **CLIFFORD A. PARKER** did then and there unlawfully and willfully **fail or refuse to bring such motor vehicle to a stop**, or otherwise did flee or attempt to flee a pursuing police vehicle or bicycle when given a visual or audible signal to-wit: hand, voice, siren, or emergency light, **to bring the vehicle to a stop** by a police officer in uniform, prominently displaying such officer's badge of office in an appropriately marked official police vehicle or bicycle and **during the course of the police pursuit defendant committed five or more moving violations**." (Emphasis added.)

Applying a "common-sense interpretation" to the words used in the complaint, Parker could not have failed or refused to "bring the motor vehicle to a stop," nor could he have "committed five moving violations" unless he was the driver of the vehicle the police were pursuing. This is true regardless of whether the pre-*Hall* or post-*Hall* test is applicable. Thus, we find the language of the complaint to be sufficient to convey subject matter jurisdiction because—when read in its entirety—it alleged that Parker was driving the vehicle that was fleeing or attempting to elude the police.

In addition, Parker simply states—without explanation or citation to the record—that the complaint's failure to explicitly name him as the driver (1) prejudiced him in his defense preparation, (2) impaired his ability to plead the conviction in any subsequent prosecution, and (3) limited his substantial rights to a fair trial. See *Littlejohn*, 298 Kan. at 655. A point raised incidentally in a brief and not argued therein is deemed abandoned. *State v. Llamas*, 298 Kan. 246, 264, 311 P.3d 399 (2013). We, therefore, find that Parker has not carried his burden to demonstrate one of these elements.

5

*Oath Taken by the Jury*

Parker also contends that the oath provided to the jury was unduly coercive and deprived him of his right to due process and a fair trial before an impartial jury. The oath administered to the jury asked, "Do each of you solemnly swear that you will well and truly try the matters in issue in the case now on trial, and give a true verdict, according to the law and the evidence?" It is important to note that Parker did not object at the time the oath was administered.

In general, constitutional grounds for reversal asserted for the first time on appeal are not properly before an appellate court. *State v. Bowen*, 299 Kan. 339, 354, 323 P.3d 853 (2014). Despite the exceptions to this rule, Parker fails to abide by Kansas Supreme Court Rule 6.02(a)(5) (2014 Kan. Ct. R. Annot. 40) by explaining why the issue is properly before the court. As our Supreme Court has recently emphasized, "Rule 6.02(a)(5) means what it says and is ignored at a litigant's own peril." *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015); see *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). Therefore, we find that Parker's failure to comply with Rule 6.02(a)(5) amounts to an abandonment of his constitutional claims.

Additionally, the Kansas Supreme Court has held that a party must object before or during the administration of the oath to the jury in order to preserve the issue for appeal. *State v. Baldwin*, 36 Kan. 1, 7-8, 12 P. 318 (1886). In *Baldwin*, a defendant appealed from his conviction for first degree murder, and among the many challenges he raised on appeal, the defendant claimed that oath given to the jury "omitted the essential part of requiring that they should a true verdict give according to the law and the evidence." 36 Kan. at 6, 12 P. at 321. Our Supreme Court refused to consider the defendant's argument, explaining that "[a] party cannot sit silently by and take the chances of acquittal, and subsequently, when convicted, make objections to an irregularity in the form of the oath." 36 Kan. at 8, 12 P. at 322. In *State v. Dwigans*, 51

6

Kan. App. 2d ___, 356 P.3d 412, 413-14 (2015), *pet. for rev. filed* September 1, 2015, a panel of this court relied upon *Baldwin* when it refused to consider a similar argument because the defendant in that case also failed to object when the oath was administered.

Much like the defendant in *Dwigans*, Parker acknowledges the holding in *Baldwin* but seeks to distinguish his case by arguing that he takes issue with the "language used in the oath" rather than the "administration" of the oath. As the panel in *Dwigans* noted, however, the defendant in *Baldwin* also took issue with the language of the oath provided by the court. *Baldwin*, 36 Kan. at 6, 12 P. at 321; *Dwigans*, 356 P.3d at 414. We similarly believe that *Baldwin* is directly on point and that Parker cannot remain silent during the oath's administration if he truly believed that there was a problem with the language. We, therefore, find that Parker has not preserved the issue for appeal.

Affirmed.