NOT DESIGNATED FOR PUBLICATION

No. 116,521

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEREMY RICHARDSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; MICHAEL E. WARD, judge. Opinion filed September 8, 2017. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Darrin C. Devinney*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON and BRUNS, JJ.

PER CURIAM: Jeremy Richardson appeals from his convictions of possession of cocaine; possession of drug paraphernalia; driving while his driver's license was suspended, cancelled, or revoked; and speeding. On appeal, Richardson contends for the first time that the jury that convicted him was not appropriately sworn as required by Kansas law. Because Richardson did not object to the oath given to the jury at trial, we find that he did not preserve this issue for appeal. Richardson also contends that the district court erred by not instructing the jury on the culpable mental state necessary to convict him of possession of cocaine and possession of drug paraphernalia. However, we find no clear error. Thus, we affirm.

1

FACTS

On December 4, 2015, Kansas Highway Patrol Master Trooper Sage Hill arrested Richardson for driving with a revoked driver's license and reckless driving. In searching Richardson at the Butler County Correctional Facility, Trooper Hill found a folded piece of paper with white residue on it that he believed was the residue of cocaine. Another officer conducted a more thorough search of Richardson's clothes and found a straw with a substance on it that he believed to be cocaine residue. A forensic scientist for the Kansas Bureau of Investigation later confirmed that the residue found on these items was cocaine.

On December 4, 2015, the State charged Richardson with possession of cocaine, possession of paraphernalia, driving with a suspended or canceled license, and speeding. The district court held a 1-day jury trial on May 3, 2016. Richardson represented himself with an appointed attorney to serve as standby counsel. The jury convicted Richardson on each of the charges. On June 30, 2016, Richardson was sentenced to 15 months' imprisonment suspended to 12 months of probation.

ANALYSIS

*Oath Given to Jury*

Richardson contends that his convictions should be overturned because the jury was not sworn to try the case in accordance with Kansas law. However, as the State points out, Richardson did not object to the oath given at his jury trial. Moreover, he did not raise a constitutional question in the district court. Rather, Richardson asks that we consider this issue for the first time on appeal in order to serve the ends of justice and to prevent a denial of his fundamental rights. He also points out that the issue presented involves a question of law.

2

Generally, constitutional grounds for reversal asserted for the first time on appeal are not properly before an appellate court for review. *State v. Bowen*, 299 Kan. 339, 354, 323 P.3d 853 (2014). Although there are exceptions to this general rule, Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 40) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed and will be deemed waived or abandoned. See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015); *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). Here, although Richardson maintains that this issue should be considered for the first time on appeal, he offers no explanation of why this issue was not raised below nor does he show that he was denied a fair trial.

K.S.A. 2016 Supp. 22-3412(b) states:  "After the parties have interposed all of their challenges to jurors, or have waived further challenges, the jury shall be *sworn to try the case*." (Emphasis added.) In the present case, after the 12 jurors were selected, the district judge informed them that they had been selected and asked the jurors to stand and receive their oath. Evidently, the clerk gave the following oath:  "Each of you do solemnly swear that you will well and truly answer all questions propounded you touching upon your qualifications to sit as a juror in the case now pending, so help you God." The jury responded, "We do."

Although it seems possible that this is simply a transcription error in light of the fact that nobody raised a concern about the oath—which was a repeat of the oath the clerk had given to the prospective jury pool before voir dire—we will assume that the wrong language was used. Nevertheless, a review of the record reveals that the trial went forward in an uneventful manner, the jury was instructed regarding its duties, and the jury rendered its verdict. Accordingly, we find nothing in the record to suggest that the jury did not fully and fairly consider the evidence presented.

We note that there is a significant difference between using the wrong language—which is the situation here—and failing to give the jurors an oath at all. As such, we find Richardson's rhetorical question—"How could [he] object to an oath that was never given?"—to be misplaced. Assuming that the clerk actually gave the wrong oath, there is no reason that Richardson or his standby counsel could not have asserted an objection or otherwise raised the issue regarding the language used so that any problem could have been immediately corrected.

As this court found in *State v. Dwigans*, 51 Kan. App. 2d 790, Syl. ¶ 2, 356 P.3d 412 (2015), *rev. denied* March 31, 2016, a "defendant must object at trial to the oath or affirmation given to the jury at a criminal trial in order to preserve for appeal any challenge to the form or administration of the oath or affirmation." In fact, this has been the law in Kansas for more than 130 years. See *State v. Baldwin*, 36 Kan. 1, 7-8, 12 P. 318 (1886). In *Baldwin*, a defendant who had been convicted of first-degree murder and other charges contended on appeal that the jury was not properly sworn. Specifically, the defendant argued that the oath had "omitted the essential part of requiring that they should a true verdict give according to the law and the evidence." 36 Kan. at 6.

In affirming the defendant's convictions in *Baldwin*, the Kansas Supreme Court concluded:

> "[N]o objection was made to the form of the oath when it was administered, or at any other time prior to its presentation in this court. If there was any irregularity in this respect it should, and probably would, have been objected to at the time it occurred. . . . *[I]f the form of the oath was defective the attention of the court should have been called to it at the time the oath was taken, so that it might have been corrected.* A party cannot sit silently by and take the chances of acquittal, and subsequently, when convicted, make objections to an irregularity in the form of the oath." (Emphasis added.) 36 Kan. at 7-8.

We find the reasoning in *Baldwin* and *Dwigans* to be sound. A district court should be given the opportunity to correct a mistake in the language of the oath before raising the issue on appeal. Here, if Richardson truly believed there was a problem with the oath given by the clerk during his jury trial, he should have objected or otherwise raised the issue at trial to allow the district court the opportunity to address and correct any problem. Because he did not do so, we conclude that Richardson has failed to properly preserve this issue for appeal.

*Culpable State of Mind Instruction*

For the first time on appeal, Richardson contends that the district court erred in failing to instruct the jury on the culpable state of mind for the charges of possession of cocaine and possession of drug paraphernalia. Because Richardson did not raise this alleged error at trial, we apply a clearly erroneous standard of review. See K.S.A. 2016 Supp. 22-3414(3). When determining whether an instruction is clearly erroneous, this court engages in a two-step analysis. First, the court considers whether any error occurred, which requires employing an unlimited review of the entire record to determine whether the instruction was legally and factually appropriate. Second, if the court finds error, it must assess whether it is firmly convinced that the jury would have reached a different verdict without the error. *State v. Mattox*, 305 Kan. 1015, 1025-26, 390 P.3d 514 (2017).

Richardson argues that according to the Kansas Criminal Code, specifically K.S.A. 2016 Supp. 21-5202, the district court should have instructed the jury under PIK Crim. 4th 52.300 that "[t]he State must prove that the defendant [possessed cocaine/possessed drug paraphernalia] intentionally, knowingly, or recklessly." Additionally, Richardson argues that the court should have instructed the jury on the definitions of intentionally, knowingly, and recklessly as stated in PIK Crim. 4th 52.010. However, even if we find a culpable state of mind instruction to be legally and factually

5

appropriate, we are not convinced—based on a review of the record on appeal—that the jury would have reached a different result had such an instruction been given. Furthermore, we note that this court has previously recognized that it is not clearly erroneous to fail to give an instruction defining a culpable mental state where no such instruction has been requested. See *State v. Barlett*, No. 112,573, 2016 WL 2772842, at *6-8 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* June 10, 2016.

In particular, we note that both the possession of cocaine and the possession of drug paraphernalia instructions contained the following language: "Possession requires *knowledge of the presence of the item* and the *intent to have control over the item*." (Emphasis added.) This language is straight-forward and easy for a jury to understand. In other words, the jury was instructed that Richardson could only be convicted of the possession charges if he knew he had control of the items found on his person at the correctional facility. Thus, we conclude that the jury instructions properly and fairly stated Kansas law and that the failure to give a culpable state of mind instruction under these circumstances was not clearly erroneous.

Affirmed.

6